UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-07-63-B-W |
| | ) | |
| DENNIS L. WHITMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION**

At a detention hearing pursuant to 18 U.S.C. § 3142(f) on October 3, 2007, the Court concluded that the Government had sustained its burden of proof by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.  The Court issues this detention order in compliance with 18 U.S.C. § 3142(i).

**I.      STATEMENT OF FACTS**

**A.      Procedural History**

On September 19, 2007, a federal grand jury indicted Dennis L. Whitman on two firearms charges:  (1) possession of a stolen firearm, an alleged violation of 18 U.S.C. § 922(j) and § 924(a)(2); and (2) possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, an alleged violation of 18 U.S.C. § 922(g)(9) and 924(a)(2).  Mr. Whitman was arrested on September 28, 2007 and arraigned on October 1, 2007, entering a not guilty plea.  On October 1, 2007, the Government moved for detention, alleging that there is a serious risk the Defendant will flee and that the Defendant is a danger to the community.  *Govt.'s Mot. for Detention* (Docket # 7).  As the crimes charged involve a firearm, 18 U.S.C. § 3142(f)(1)(E), a detention hearing was held on October 3, 2007 pursuant to 18 U.S.C. § 3142(f)(1).

**B.     The Detention Hearing**

In evaluating a motion for pre-trial detention, the Court applies the criteria set forth in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense charged.  18 U.S.C. 3142(g)(1).

The statute requires the Court to consider "whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device."  *Id.*  Here, each crime charged alleges the possession of a firearm.

2. The weight of the evidence against the Defendant.  18 U.S.C. § 3142(g)(2).

Here, the Government proffered that on August 26, 2004, the Defendant appeared at a hospital emergency room with a gunshot wound to his leg.[1]  Upon questioning by the police, Mr. Whitman told them that he shot himself by mistake when he was adjusting a .22 caliber gun that was in the waistband of his pants.  He acknowledged that the firearm was stolen and that he had asked his friend, Jason Hight, to get rid of the gun for him.  The police later interviewed Mr. Hight, who confirmed the events the Defendant had described and told the police that, in compliance with Mr. Whitman's request, he had taken the pistol and thrown it in the river from a bridge.  Police divers found the weapon where Mr. Hight had said he had thrown it.  It was later determined that the owner of the firearm, Mark Walker, confirmed it had been missing.

[1] The Defendant firmly asserted, based on a reading of the statutory language in 18 U.S.C. § 3142(f), that although he had a right to submit evidence at the detention hearing by proffer, the Government did not.  Plainly put, it is well settled that the Defendant is wrong.  The First Circuit has stated that "[a defendant's] objection that a judicial officer may not order detention on the basis of a mere proffer of evidence by the government is simply not correct." *United States v. Femia*, No. 92-2324, 1993 U.S. App. LEXIS 431 *10 (1st Cir. Jan. 12, 1993); *United States v. Acevedo-Ramos*, 755 F.2d 203, 206-07 (1st Cir. 1985).    The First Circuit's position is consistent with other circuits.  *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996); *United States v. Austin*, No. 91-1297, 1991 U.S. App. LEXIS 26348 *5 n.2 (10th Cir. Oct. 29, 1991); *United States v. Gaviria*, 828 F.2d 667, 669 (11th Cir. 1987) ("We hold that the government as well as the defense may proceed by proffering evidence subject to the discretion of the judicial officer presiding at the detention hearing."); *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986); *United States v. Portes*, 786 F.2d 758, 767 (7th Cir. 1985); *United States v. Delker*, 757 F.2d 1390, 1397 (3d Cir. 1985).  The Defendant offered no case law support for his reading of the statute and the Court is aware of none.

At the detention hearing, the Defendant challenged the constitutionality of the police questioning at the emergency room, but based on the Government's proffer, the Court finds the weight of evidence against the Defendant on both counts is substantial.

3.  The history and characteristics of the Defendant.  18 U.S.C. § 3142(g)(3).

The statute directs the Court to consider such factors as the person's:

 [C]haracter, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.

*Id.* § 3142(g)(3)(A).  Mr. Whitman is a twenty-five year old resident of Bangor, Maine. Unfortunately, he has a long-term history of schizophrenia, post-traumatic stress disorder, and major depressive disorder.  He has required hospitalizations in the past, the most recent being a voluntary psychiatric hospitalization in December 2006.  Mr. Whitman has been placed on a psychiatric medication regimen, but he periodically – as frequently as once or twice per week – has stopped his medicines so that he can drink alcohol and smoke marijuana.  He has a past history of drug abuse, including cocaine and heroin.  His family lives in Winslow, Maine and he has no immediate family in the Bangor area, where he has lived for about one year.  Mr. Whitman received social security benefits and his employment, which he admits is under the table, has been as a bar-hand.  His criminal history began as a juvenile and has consisted of two thefts, a criminal mischief, and most significantly two assaults – one against his then-girlfriend and the other against a police officer.  He has had difficulty complying with conditions of state probation and has

violated them three times.  He was found guilty on September 27, 2007 of carrying a knife and brass knuckles on August 27, 2007.

It was intimated that while he was on probation, Mr. Whitman altered his appearance and had resolved to flee to California.  The officer who attempted to locate him noted that his appearance had changed, but there were no more details on his observations.  When the officer attempted to place Mr. Whitman under arrest, Mr. Whitman reached behind his back; the officer drew his pistol, and Mr. Whitman produced a large Japanese-style knife.  There is no evidence that Mr. Whitman actually began to flee; to the contrary, the record reflects no absences from court proceedings.

The statute further directs that the Court consider whether at the time of the offense, the Defendant was on parole or probation.  *Id.* § 3142(g)(3)(B).  He was not.

4.  The nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.  18 U.S.C. § 3142(g)(4).

Mr. Whitman presents a number of risks to the community.  He has a history of assault – both against his girlfriend and a police officer.  He has a liking for knives and other dangerous weapons, including firearms and brass knuckles.  He has an underlying psychological condition and a tendency to go off his psychiatric medication to drink and smoke marijuana.  He has a criminal history of multiple property crimes.  As demonstrated by his multiple violations of probation conditions, he has an inability to comply with terms of court release orders.

## II.    LEGAL STANDARDS

Under 18 U.S.C. § 3142(a)(4), pretrial detention is available only pursuant to subsection (e), which provides that a person may be detained if the judicial officer finds after a hearing under subsection (f), that "no condition or combination of conditions will reasonably assure the

appearance of the person as required and the safety of . . . the community." *Id.* § 3142(e). Subsection (f) allows for a detention hearing if the Defendant has been charged with an offense that "involves the use or possession of a firearm . . . ." *Id.* § 3142(f)(1)(D). The Government bears the burden of supporting its motion "by clear and convincing evidence." *Id.* § 3142(f)(2).

## III.    DISCUSSION

Based on the evidence, the Court finds that the Government has failed to demonstrate by clear and convincing evidence that the Defendant will not appear as required. However, the Court finds the Government has demonstrated by clear and convincing evidence that the Defendant represents a risk of danger to the safety of the community. There is no evidence of a realistic alternative to incarceration. Mr. Whitman lives in an apartment in Bangor. Even though he might well be able to retain the apartment with payment of rent from his social security check, the only suggested alternative to incarceration would be electronic monitoring. The ability to track Mr. Whitman's whereabouts is insufficient to assure others' safety, since electronic monitoring informs pre-trial services where he is, not what he is doing. Based on his history and characteristics, the Court is convinced by the clear and convincing standard that the safety of any other person and the community would be at substantial risk if Mr. Whitman were released pretrial.

## IV.    ORDER

The Defendant is ORDERED detained pending further order of the Court. The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the

United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of October, 2007